UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re MARK L. DUBOIS; DONNA D. DUBOIS, <br><br> Debtors. <br><br> TED SPICE, <br><br> Appellant, <br><br> v. <br><br> MARK L. DUBOIS and DONNA E. DUBOIS, et al. <br><br> Appellees. | CASE NO. C21-384 RJB <br><br> BAP NO. 21-1037 <br><br> BK. NO. 13-46104 BDL <br><br><br> ORDER AFFIRMING ORDER ON MOTION FOR RECUSAL |

This matter has been referred to the undersigned by the Honorable United States District Court Judge Robert J. Bryan for review pursuant to Western District of Washington Local Rule LCR 3(f). Dkt. #19. Judge Bryan denied Appellant Ted Spice's request that he remove himself from this matter. After review, the Court affirms Judge Bryan's decision.

In the Chapter 7 Bankruptcy of Mark and Donna Dubois, Bankruptcy Trustee Brian L. Budsberg successfully objected to Mr. Spice's proof of claim. Mr. Spice appealed to the United States District Court and Judge Bryan was assigned. In the past, Mr. Spice has had additional

ORDER – 1

cases before Judge Bryan, all related to the Dubois Bankruptcy. Dkt. #14 at 2.[1]  The thrust of Mr. Spice's motion is that Judge Bryan should recuse himself because he presided over these prior cases arising out of the Dubois bankruptcy. *Id.* at 13 ("[T]he actual bias is that Judge Bryan has been assigned a case that is based on an appeal that he previously ruled on.").  In support of his argument that Judge Bryan is biased, Mr. Spice points to nothing other than facts and orders from his prior actions.  This does not serve as an appropriate basis for removal.

A "judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also* 28 U.S.C. § 144. This includes where the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Recusal is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980).

Most importantly in this case, to warrant recusal, "[t]he alleged bias and prejudice . . . must stem from an extrajudicial source." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966) (citing *Berger v. United States*, 255 U.S. 22, 31 (1921)). "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). Such is the case here.  Mr. Spice does not point to any events occurring outside of the prior proceedings that could serve as a basis for bias.  Rather, Mr. Spice points to Judge Bryan's

---

[1] Mr. Spice identifies the following actions: *Spice v. Internal Revenue Service*, Case No. 20-cv-5005-RJB, *Budsberg v. Spice*, Case No. 19-cv-5772-RJB, *Budsberg v. Spice*, Case No. 19-cv-5457-RJB, and *Budsberg v. Spice*, Case No. 17-cv-5681-RJB.

ORDER – 2

judicial actions and presumes bias from the simple fact that Judge Bryan disagreed with Mr. Spice's legal arguments in prior rulings. This is the bread and butter of the extrajudicial source doctrine. Mr. Spice's position becomes laughable when one considers that, under Mr. Spice's legal framework, any party could force recusal of a presiding judge by filing a motion for reconsideration of an adverse decision made by that judge. This approach would be wholly unworkable and farcical. Motions for recusal are not the appropriate mechanism for challenging a judge's prior rulings.

Accordingly, for the reasons set forth above, the Court finds and ORDERS that Judge Bryan's order declining to disqualify himself (Dkt. #19) is AFFIRMED.

DATED this 17th day of May, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER – 3